UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2015 OCT 14  AM 11:29

UNITED STATES OF AMERICA

v.

**ANTONIO LEE NUCKOLS**
**BRYSON THOMAS MAXEY**

INDICTMENT

NO. 1:15CR-27-GNS

18 U. S. C. § 922(a)(6)
18 U. S. C. § 922(d)(1)
18 U. S. C. § 922(g)(1)
18 U. S. C. § 924(a)(2)
18 U. S. C. § 924(c)(1)(A)
18 U. S. C. § 924(d)
21 U. S. C. § 841(a)(1)
21 U. S. C. § 841(b)(1)(C)
21 U. S. C. § 853
28 U. S. C. § 2461

The Grand Jury charges:

## COUNT 1

On or about and between July 11, 2015, and July 30, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **ANTONIO LEE NUCKOLS**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is:

On or about October 13, 2014, in Barren County Circuit Court, Barren County, Kentucky, under indictment 14-CR-00155, **NUCKOLS** was convicted of Unlawful Distribution of a Meth Precursor First;

On or about October 13, 2014, in Barren County Circuit Court, Barren County, Kentucky, under indictment 14-CR-00154, **NUCKOLS** was convicted of Trafficking Controlled Substance within 1,000 Feet of School;

On or about February 17, 2014, in Barren County Circuit Court, Barren County, Kentucky, under indictment 13-CR-00266, **NUCKOLS** was convicted of tampering With Physical Evidence;

On or about February 17, 2014, in Barren County Circuit Court, Barren County, Kentucky, under indictment 13-CR-00235, **NUCKOLS** was convicted of Possession of a Controlled Substance First Degree (Cocaine); and

On or about June 14, 2010, in Barren County Circuit Court, Barren County, Kentucky, under indictment 09-CR-00259, **NUCKOLS** was convicted of Burglary Third Degree,

knowingly possessed, in and affecting commerce, a firearm, to wit: a Glock GMBH, model 23, .40 caliber semi-automatic pistol, bearing serial number TYZ691; and forty rounds of .40 caliber ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

## COUNT 2

On or about July 14, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **ANTONIO LEE NUCKOLS**, knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 3

On or about July 14, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **ANTONIO LEE NUCKOLS**, possessed a firearm in furtherance of a drug trafficking crime.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 4

On or about July 16, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **ANTONIO LEE NUCKOLS**, knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 5

On or about July 21, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **ANTONIO LEE NUCKOLS**, knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 6

On or about July 30, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **ANTONIO LEE NUCKOLS,** knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of cocaine

base, commonly known as "crack" cocaine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 7

On or about July 11, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **BRYSON THOMAS MAXEY**, in connection with the acquisition of a firearm, a Glock GMBH, model 23, .40 caliber semi-automatic pistol, bearing serial number TYZ691, from Glasgow Gun and Pawn, a licensed firearm dealer, knowingly made a false and fictitious written statement, intended and likely to deceive such dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearm. **BRYSON THOMAS MAXEY** stated on ATF Form 4473 that he was the actual buyer of the firearms when, in fact, he was not the actual buyer.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

## COUNT 8

On or about July 11, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **BRYSON THOMAS MAXEY**, knowingly disposed of a firearm, a Glock GMBH, model 23, .40 caliber semi-automatic pistol, bearing serial number TYZ691, to ANTONIO LEE NUCKOLS, a person **BRYSON THOMAS MAXEY** knew and had reasonable

4

cause to believe had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

## NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 21, United States Code, Section 841, and Title 18, United States Code, Sections 922 and 924, as alleged in this Indictment, felonies punishable by imprisonment for more than one year, the defendants, **ANTONIO LEE NUCKOLS** and **BRYSON THOMAS MAXEY**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, any and all property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as a result of said offenses, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in this Indictment, including but not limited to, $921.00 of United States currency, a Glock GMBH, model 23, .40 caliber semi-automatic pistol, bearing serial number TYZ691; and forty rounds of .40 caliber ammunition.

Pursuant to Title 18, United States Code, Section 924(d), Title 21 United States Code, Section 853, and Title 28, United States Code, Section 2461.

A TRUE BILL.

**REDACTED**

FOREPERSON

_(signature)_
JOHN E. KUHN, JR.
UNITED STATES ATTORNEY
JEK:MAC:10-14-2015

UNITED STATES OF AMERICA v. ANTONIO LEE NUCKOLS and BRYSON THOMAS MAXEY

### PENALTIES

Count 1:  NM 10 yrs./$250,000 both/NM 3 yrs. Supervised Release
Count 2:  NM 20 yrs./$1,000,000 both/NL 3 yrs./Life Supervised Release
        With notice of prior conviction:
        NM 30 yrs./2,000,000 both/NL 6 yrs./Life Supervised Release
Count 3:  NL 5 yrs./NM Life/$250,000 both/NM 5 yrs. Supervised Release (consecutive)
Counts 4-6:  NM 20 yrs./$1,000,000 both/NL 3 yrs./Life Supervised Release (each count)
        With notice of prior conviction:
        NM 30 yrs./2,000,000 both/NL 6 yrs./Life Supervised Release (each count)
Counts 7-8:  NM 10 yrs./$250,000 both/NM 3 yrs. Supervised Release (each count)
Forfeiture

### NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made <u>payable to the Clerk, U.S. District Court</u> and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. **1:15CR-27-GNS**

# UNITED STATES DISTRICT COURT
Western District of Kentucky
at Bowling Green

## THE UNITED STATES OF AMERICA
vs.

**ANTONIO LEE NUCKOLS**
**BRYSON THOMAS MAXEY**

## INDICTMENT

Title 18 U.S.C. §§ 922(g)(1),924(a)(2); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. §§ 924(c)(1)(A); 18 U.S.C. §§ 922(a)(6), 924(a)(2); 18 U.S.C. §§ 922(d)(1), 924(a)(2): Felon in Possession; Possessed with Intent to Distribute Crack; Possession of a Firearm in furtherance of a Drug Trafficking Crime; False Statement to a Licensed Firearm Dealer; Disposed of a Firearm to a Previously Convicted Felon.

*A true bill*

**REDACTED**

*Foreman*

*Filed in open court this 14th day, of October, 2015.*

_____
Clerk

*Bail, $*

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2015 OCT 14 AM 11:29